OPINION of the Court, by
Ch. J. Boyle. —
This is a bill in chancery, filed by the defendant in error against the plaintiff’s intestate, to recover Of him the amollnt °f a ffity dollar bank note, which is alleged to be a counterfeit, and to have been paid by the plaintiffs’ intestate to the defendant in part of the price of a negro boy. The bill charges a promise on the part of the intestate to take back the bill and pay the amount, upon" its being presented to and condemned as counterfeit by Jordan and Parker of Lexington, and that it was so presented and condemned, but that the intestate refused to comply with his promise. There is no allegation of fraud on the part of the plaintiffs’ intestate, nor of any inability on the part of the defendant to prove the facts upon which his claim is founded. The case made out by the bill is therefore of a purely legal nature, and exclusively cognizable at law.
To afford relief in chancery in a case thus circumstanced, would destroy all distinction between legal and equitable rights, and completely confound the jurisdiction of courts of law and of chancery. On this ground, therefore, the court below erred in sustaining the defendant’s bill.
But with respect to thé merits, it may be remarked that the plaintiffs’ intestate having denied by his answer that the bill charged to be counterfeit was the one received by the defendant from him, it was incumbent Upon the defendant to have proved its identity. The affidavit of the defendant, which is filed in the cause, is certainly not competent for that purpose, and there iá no other proof which would justify such a conclusion.
The decree must be reversed with costs, and the cause remanded that the bill may be dismissed with costs.